CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY
*v.* AMEDON.

Opinion delivered December 10, 1923.

1. RAILROADS—NEGLIGENCE—JURY QUESTION.—In an action for injuries sustained by plaintiff, who went upon the platform at defendant's station to meet a passenger, and fell into an uncovered coal-hole, evidence held to justify submission to the jury of the issue of negligence.

2. RAILROADS—NEGLIGENCE—UNCOVERED COAL-HOLE.—Where plaintiff fell down an uncovered coal-hole in defendant's station platform, the jury was justified in finding defendant negligent in failing to have the covering more secure, where the hinges on the door had been broken, and there was no lock or other kind of fastening.

3. RAILROADS—DUTY TO PERSON AT STATION TO MEET PASSENGER.— Where plaintiff went to defendant's railroad station to meet an expected passenger, he was there by implied invitation, and entitled to the exercise of ordinary care on defendant's part in maintaining the premises in a reasonably safe condition.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*Thos. S. Buzbee, H. T. Harrison* and *A. S. Buzbee,* for appellant.

The testimony was uncontradicted that the coal-hole was left in a safe condition by appellant. This uncontradicted testimony by appellant's employees should not be disregarded by either court or jury. 117 Ark. 433; 101 Ark. 532. The duty rested upon appellee to show that appellant had notice of the unsafe condition, or an opportunity to discover same, before he could recover.

*Reed & Beard* and *Trimble & Trimble,* for appellee.

A peremptory instruction in favor of appellant was properly refused. There is no evidence that appellee was guilty of negligence. 42 Ark. 321. It is for the jury to say whether or not appellee exercised ordinary care for his safety. 144 Fed. 948. Appellee had a right to be on the depot platform, and it was the duty of the company to see that its platform was in reasonably safe condition. 102 Ark. 505.

McCULLOCH, C. J. Appellee claims that he received severe personal injuries by falling into an uncovered coal-hole in the platform at appellant's station building at Lonoke, and he instituted this action against appellant to recover damages, alleging negligence in failing to exercise ordinary care to keep the premises safe. There was a trial of the issues before a jury, which resulted in a verdict in appellee's favor assessing dam-

ages, and an appeal has been prosecuted from the judgment.

It is conceded that the court's charge to the jury was a correct statement of the law, and the sole ground urged here for reversal of the judgment is that the evidence is not sufficient to establish negligence on the part of appellant or its servants.

According to the testimony of appellee and other witnesses introduced, the injury occurred about one o'clock on the morning of July 11, 1922, when appellee went to the station to meet a passenger train, on which a friend of his was expected to arrive. Appellee had an engagement to meet his friend, and, as before stated, went to the station for that purpose.

On the station platform, near the west wall of the building, there was a hole, or door, for the purpose of depositing coal in the basement. This door was usually kept covered with a metal covering, which fitted over the opening and was about flush with the floor, so that it could not be displaced without lifting it. The covering was not fastened; it had no lock on it, and the hinges originally on it had been broken off several years prior to this occasion, and had never been replaced. Appellee testified that he did not see the opening, and that, after the signal was given from the approaching passenger train, he stepped back into the hole, and was injured. His testimony was corroborated by that of a companion who was with him at the time he was injured, and the testimony of other witnesses tended to show that appellee fell into the hole and was severely injured. This is contradicted by witnesses introduced by appellant, who stated that the covering of the hole was in place the next morning, and that appellee could not have fallen in as claimed.

The station agent employed by appellant, and the porter, each testified that they left the station each night about seven o'clock, or a little thereafter, and that, before leaving, the porter always placed the baggage

trucks parallel with the west wall of the station, so that
the coal-hole was covered, and that the wheels of the
trucks were spragged so that the trucks would not roll
away.   After the departure of the station agent and
porter, there was no other servant of the company at
the station throughout the night, except the night oper-
ators, two of whom were on duty at different hours
throughout the night.   The night operator who was on
duty at the time appellee was injured was introduced
as a witness, but he stated that he knew nothing about
appellee's injury until several days after it was said to
have occurred.   He testified that it was his custom to
switch on the lights outside of the office a few minutes
before the arrival of the train, and that on the night
in question he did so after the signals were given.   Elec-
tric lights were burning in the operator's office all night,
and the other lights were turned on as the train
approached.   The lights in the office, according to the
testimony of this witness, threw a dim light on the plat-
form.

The porter testified that, on the night in question,
he left the trucks in the usual place, over the opening,
and that the cover of the opening was in place.   The
station agent testified that he usually looked around the
station to see that the trucks had been placed before he
left.   It cannot be said, however, that this testimony is
uncontradicted, for there is a positive contradiction as
to the condition of the covering of the coal-hole the next
morning.   We think there was enough testimony to jus-
tify the submission to the jury of the issue of negligence.
The fact that the coal-hole was uncovered and open when
appellee fell into it is established by positive evidence,
and, under all the circumstances, the jury were war-
ranted in drawing the inference that the hole was left
uncovered that night.   No one else had been seen about
there, and one of the night operators was there in the
office at all hours.   The jury were also warranted in
finding that there was negligence on the part of appel-

lant in failing to have the covering more secure. The proof shows that originally there were hinges on the door, but that they were broken off and were never replaced, and that there was no lock or any other kind of fastening.

Appellee was not a trespasser on the platform, nor even a bare licensee, for, according to the testimony, he went there for the purpose of meeting an expected passenger, and was therefore upon the premises of appellant by its implied invitation, and was entitled to the exercise of ordinary care on the part of appellant in maintaining the premises in a reasonably safe condition. *Arkansas & Louisiana Ry. Co.* v. *Sain,* 90 Ark. 278.

There is no complaint made here concerning the correctness of the court's charge to the jury, and, as the evidence is sufficient to sustain the verdict, the judgment should be affirmed, and it is so ordered.